NURSING HOMES — OKLAHOMA HEALTH PLANNING COMMISSION — AUTHORITY TO ADOPT RULES — RESUBMISSION OF DISAPPROVED PLANS — FAILURE TO MEET DEADLINE The Oklahoma Health Planning Commission has the authority to adopt rules and regulations imposing a deadline for resubmission of plans and specifications which have been disapproved, and such rules and regulations may provide for automatic cancellation of a Certificate for failure to comply with such deadline. The Attorney General has received your request for an opinion wherein you, in effect, ask the following questions relating to 63 O.S. 1-857 [63-1-857] (1971): 1. Does the Commission have the authority to, by rule or regulation, set a deadline for resubmittal of disapproved plans and specifications? 2. If this question is answered in the affirmative, can such rule or regulation provide that the Certificate of Need is automatically canceled for failure to comply with the established deadline? Title 63 O.S. 1-857 [63-1-857] (1971), reads as follows: "A Certificate of Need issued pursuant to the provisions of this Act shall be valid for a period of six (6) months after issuance during which time the applicant shall submit to the State Commissioner of Health the plans and specifications for the facility to be established, constructed or expanded. If no such plans and specifications are submitted within the time specified, then such Certificate shall be null and void. If plans and specifications are submitted, the State Commissioner of Health shall approve or disapprove such plans and specifications within one (1) month of the filing; or such plans and specifications shall be presumed to be approved as of the end of such one-month period if no action thereon is taken by the Commissioner. The applicant must begin establishment, construction or expansion of the facility within two (2) months of the approval of the plans and specifications and must proceed to complete the facility within twelve (12) months of the approval or the Certificate will be canceled." This section is a part of the act adopted by the Oklahoma Legislature in 1971 requiring Certificates of Need for establishing, constructing and expanding nursing home facilities in the State of Oklahoma. In 1976, the Oklahoma Legislature transferred the responsibility for implementing the Certificate of Need Act to the Oklahoma Health Planning Commission, with 63 O.S. 1-861 [63-1-861] (1976), reading as follows: "All powers, duties, functions and responsibilities vested in the State Commissioner of Health by 63 O.S. 1-851 [63-1-851] through 63 O.S. 1-860 [63-1-860], Oklahoma Statutes, relating to certification of need for the construction, establishment or expansion of nursing home facilities, are hereby transferred to and shall hereafter be exercised by the Oklahoma Health Planning Commission." A close reading of 63 O.S. 1-857 [63-1-857], supra, reveals that the statute is silent as regards the time frame within which an applicant must resubmit plans and specifications if they are disapproved. The law is clear, however, that an administrative agency may by rule or regulation implement and effectuate the intention of the Legislature by adopting rules and regulations to fill such a void. 73 C.J.S. Public Administrative Bodies and Procedure, 93, sets forth the general statement of law that: "The authority of a public administrative body or agency ordinarily includes the power to make or adopt rules and regulations with respect to matters within the province of such body, provided such rules and regulations are not inconsistent with law." Inasmuch as the clear intent of the Legislature that applications for Certificates of Need be handled expeditiously appears by a reading of 63 O.S. 1-857 [63-1-857], and adoption of a rule requiring resubmission of plans within a reasonable time would only serve to further such intent, as well as being within the parameters of the statutory authority of the Commission, such a rule would seem most appropriate. In this regard, the Oklahoma Health Planning Commission has specific authority to adopt rules and regulations to carry out its responsibilities, by virtue of 63 O.S. 1-112 [63-1-112] (1976), which reads in pertinent part as follows: "A. There is hereby created the Oklahoma Health Planning Commission which shall consist of the State Commissioner of Health, Director of Mental Health and the Director of Public Welfare, or their respective designees. The Commission . . . shall have authority to adopt rules and regulations and the necessary functions for carrying out its responsibilities." From the above and foregoing it becomes apparent that your first question must be answered in the affirmative. The Oklahoma Health Planning Commission has the authority to require applicants to resubmit plans and specifications within a reasonable period of time by the adoption of appropriate rules and regulations. Under this same rationale, your second question would also be answered in the affirmative inasmuch as there is nothing illegal in providing that failure to comply with a duly adopted rule or regulation would entail automatic cancellation of the Certificate of Need. It should be noted that no attempt has been made by this office to weigh the relative merits of automatically canceling Certificates of Need for nonsubmittal as opposed to requiring the Health Planning Commission to take affirmative action to cancel an application. It is, therefore, the opinion of the Attorney General that the Oklahoma Health Planning Commission has the authority to adopt rules and regulations imposing a deadline for resubmission of plans and specifications which have been disapproved, and such rules and regulations may provide for automatic cancellation of a Certificate for failure to comply with such deadline. (JAMES R. BARNETT) (ksg)